IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ~~~ D.C.

05 JUL 13 PM 3: 04

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| O'NEAL DANDRIDGE, | X | |
| | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 05-2326-Ma/V |
| | X | |
| METHODIST, | X | |
| | X | |
| Defendants. | X | |
| | X | |

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
ORDER DIRECTING PLAINTIFF TO PAY THE $250 CIVIL FILING FEE

Plaintiff O'Neal Dandridge filed a pro se complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on May 3, 2005, along with a motion seeking leave to proceed in forma pauperis.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150." 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking in forma pauperis standing must respond fully to the questions on the

Court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v. Federal Bur. of Prisons, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); Brogue v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

As the plaintiff's motion to proceed in forma pauperis contains no information concerning his monthly income, assets, and financial obligations, the Court has no basis for concluding that he is indigent and unable to pay the filing fee or to give security therefor. Accordingly, the motion to proceed in forma pauperis is DENIED. The plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to pay the $250 civil filing fee.[1] Failure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 13th day of July, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02326 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

O'Neal Dandridge
3120 Alta Road
Memphis, TN 38109

Honorable Samuel Mays
US DISTRICT COURT